IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES KELSER, d/b/a RIVER REGION EVENTS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALCAZAR SHRINERS, *et al*, )<br>)<br>Defendants. ) | CASE NO. 2:06-CV-818<br>(WO) |

ORDER

On September 12, 2006, the plaintiff filed a Complaint seeking relief from alleged racial discrimination pursuant to 28 U.S.C. § 1981 and 42 U.S.C. § 2000a. (Doc. # 1.) Pursuant to 28 U.S.C. § 1367, the plaintiff also contends that the defendants violated the terms of a contract which allows the plaintiff to lease 555 Eastern Boulevard, Montgomery, Alabama, for events. The plaintiff claims that, for events sponsored by the defendants, the plaintiff was to provide alcohol sales and pay the defendants 10% of the profit on sales.

On September 21, 2006, the plaintiff filed an application for a temporary restraining order and preliminary injunction against the defendants who allegedly are holding on Saturday, September 22, 2006, an affair at 555 Eastern Boulevard, Montgomery, Alabama, at which participants may bring their own alcoholic beverage. (Doc. # 6.) The plaintiff contends that this type of affair violates the terms of a lease agreement between the plaintiff and the defendants and is also in violation of state law.

Fed .R. Civ. P. 65(b) provides that a temporary restraining order may be granted "[o]nly if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate

and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b). A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to <u>all</u> prerequisites. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983). A party requesting preliminary injunctive relief must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury during the pendency of the lawsuit unless the injunction issues; (3) the threatened injury to the movant outweighs injury caused by the injunction to the nonmovant; and (4) the injunction would not adverse to the public interest. *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004) (citation omitted). The requesting party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of its ability to establish any of the other elements. *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). In other words, irreparable injury must be demonstrated by a plaintiff to succeed on the claim for injunctive relief.

Here, the Court readily concludes that the plaintiff fails to demonstrate irreparable injury. Any loss of revenue from alcohol sales can be remedied by compensatory damages. The plaintiff's claims that his alcoholic beverage licence is placed in jeopardy by the actions of the defendant is purely speculative at this junction. Accordingly, it is

ORDERED that the plaintiff's application for a temporary restraining order and preliminary injunction (Doc. # 6) is hereby DENIED.

Done this 22nd day of September, 2006.

                                             /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE