IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES KELSER, d/b/a** | * | |
| **RIVER REGION EVENTS** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. 2:06-cv-818-WKW |
| | * | |
| **ALCAZAR SHRINERS,** | * | |
| **SHRINERS OF NORTH AMERICA,** | * | |
| **and LEE SIMS,** | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

COMES NOW Plaintiff responding to the defendants' Motion to Dismiss stating as follows:

The defendants allege in their motion to dismiss a singular contention. Defendants allege that Plaintiff cannot have standing to bring a claim for discrimination under 42 U.S.C. §1981 or 42 U.S.C. § 2000a due to the fact that Plaintiff is white. Defendants allege that those statutes require that putative plaintiffs be members of a protected class. Defendants cite *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) as the "framework" for their assertion that a plaintiff must be a member of a protected class to bring a §1981 claim of discrimination.

It is respectfully submitted that the defendants are simply incorrect. As numerous courts have held, when a person alleges that he was denied a right to enter into or perform under a contract because of racial considerations, he has stated a claim and has asserted proper standing under the civil rights laws. For example, the First Circuit in *DesVergnes v. Seekonk Water District*, 601 F.2d 9, 14 (1st Cir. 1979), held that in order to protect the legal rights of non-whites

expressly created by § 1981, a person has an implied right of action against any other person who, with a racially discriminatory intent, interferes with his right to make contracts with non-whites.

Relying on *DesVergnes*, the District Court for the District of Massachusetts held that plaintiffs who alleged interference with their right to make contracts with non-whites had statutory standing to sue under § 1981. *Bendetson v. Payson*, 534 F.Supp. 539, 541 (D.Mass. 1982).

In an analogous case, the Supreme Court held in *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229 (1969), that Paul Sullivan had standing to sue a nonprofit corporation that refused to allow him to assign his membership share in a recreational facility to a non-white person. Sullivan was white.  See also, *DeMatteis v. Eastman Kodak Co.*,  511 F.2d 306, 312 (C.A.N.Y. 1975) ("a white person who has suffered injury to some legally cognizable interest as a result of '. . . trying to vindicate the rights of [non-white] minorities . . .' has standing to sue for a violation of 42 U.S.C. s 1981.").

The question here is whether or not Kelser's right to contract was impaired because of a racially discriminatory motive on the part of the defendants.  If so, he has standing to sue.

The fact that the impairment of Kelser's contractual rights as to Latinos similarly impaired his right to contract with persons of all races is of no moment here.  The allegations in the complaint – which must be taken as true at the motion-to-dismiss stage – properly set forth that there was a discriminatory animus behind the interference with Kelser's performance under the contract, and that is sufficient.  That the interference affected members of non-protected classes is irrelevant.

The analysis is the same under 42 U.S.C. § 2000a.  While most such claims are brought

by members of protected groups and are properly analyzed under *McDonnell Douglas*, that is not the only means of analysis. The touchstone is whether a person was denied the benefits of a public accommodation because of animus toward a protected characteristic. In *Dawes v. Motel 6 Operating L.P.*, 2006 WL 276928, *7 (E.D.Wash.,2006), the defendants argued that Dawes was a Caucasian and not entitled to the protections of § 2000a. The district court noted, however, that "Mr. Dawes argues that discrimination claims may be brought by persons who are discriminated against due to their association with members of a protected class. The Court concurs with Mr. Dawes' position on this issue with regard to his § 1981 and § 2000a claims and denies Defendants' requests for summary judgment to this extent." See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) (noting "[i]t is clear" and seemingly conceded by the defendant, that the defendant's refusal to serve the plaintiff, a white woman who, in the company of six black friends, had entered the defendant's store to eat at the store's lunch counter, was a violation of § 2000a).

While it is unlikely that there is an "associational" claim available under § 1981 (most courts hold not) and that such claims must allege a contractual impairment, there clearly is an "associational" component to § 2000a. Kelser claims under both.

To the extent that the defendants' motion to dismiss is grounded in Plaintiff's lack of standing to bring this action under federal law, it must be overruled and denied.

Respectfully submitted this the 3rd day of November, 2006.

                                              s/JAY LEWIS
Jay Lewis
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
J-lewis@jaylewislaw.com

ASB-2014-E66J
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing on the following parties and/or counsel by CM/ECF or by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this _ 3rd _ day of November, 2006.

N. Gunter Guy, Jr.

s/JAY LEWIS
Jay Lewis
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
J-lewis@jaylewislaw.com
ASB-2014-E66J
Counsel for Plaintiff