IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES KESLER d/b/a<br>RIVER REGION EVENTS,<br><br>    Plaintiff,<br><br>vs.<br><br>ALCAZAR SHRINERS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 2:06-CV-818-WKW<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS**

COME NOW the defendants and, in accordance with the Court's briefing schedule, file their reply to the plaintiff's Response to Motion to Dismiss and aver the following, separately and severally:

First, the plaintiff erroneously states in their response that the defendants allege in their Motion to Dismiss a "singular contention". In fact, the defendants' Motion to Dismiss rests upon several contentions, i.e. failure to state a claim upon which relief may be granted; lack of standing; lack of subject matter jurisdiction; and no case or controversy. Defendants aver that each of these contentions have merit in analyzing the sufficiency of the plaintiff's claims.

The plaintiff further erroneously asserts that the defendants' lack of standing argument is based solely on the fact that the plaintiff is white. This is also incorrect. The defendants recognize that there have been cases which stand for the proposition that, under an appropriate set of facts, a non-minority may assert a claim under §1981 and under §2000a. However, even in the non-employment context, the claim should be

analyzed under the *McDonnell Douglas* framework. In that regard, the plaintiff must allege that he is a member of a protected class and in order to sustain a claim must show that he has standing. Here, the plaintiff has not done so.

The plaintiff relies on a case from the 1st Circuit which was decided in 1979. *DesVergnes v. Seekonk Water District*, 601 F.2d 9 (1st Cir.1979). The *DesVergnes* case relied on other civil rights cases from the 1960s and 1970s which determined that non-minorities should be able to bring civil rights actions on behalf of those persons who were not able to do so. However, more recent cases have determined that standing ordinarily requires that an action under §1981 or §2000a be brought by the direct victims of the alleged discrimination because they are best situated to assert the individual rights in question. See *Clifton Terrace Associates, Limited. v. United Technologies Corporation*, 929 F.2d 714, 289 U.S.App.D.C. 1991; *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100, 99 Sup.Ct. 1601, 1608 60 Led.2d 66 (1979). Here, the plaintiff only alleges that he had booked the Shrine Center for a "Latino" night. The plaintiff does not allege that any tickets were sold or that in fact any Latinos or other minorities were directly impacted by the cancellation of the plaintiff's contract. The plaintiff's claim that the termination of the contract impacted his ability to contract with Latino or Hispanic persons is purely speculative. On the other hand, if Latino or Hispanic persons were affected by the cancellation of the event, they would be in the best position to assert rights under §1981 or §2000a. Furthermore, the plaintiff here does not represent and does not allege that he represents those Latino or Hispanic persons who <u>possibly</u> could have been affected by the cancellation of the event. The plaintiff's claims

here do not fall within the intent of §1981 or §2000a, pursuant to a plain reading of those statutes.

Moreover, plaintiff's Complaint acknowledges that the defendants did not cancel the "Latino" night event but rather only restricted the hours of operation. The plaintiff himself actually cancelled the event. The fact that a subsequent "Latino" night scheduled for August 25 was also cancelled was merely a consequence of the plaintiff's entire lease agreement being terminated as acknowledged in paragraph 38 of the plaintiff's Complaint.

In 1991, the Supreme Court in *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364 (1991), issued an opinion which delineated the criteria that a litigant must satisfy in order to bring an action on behalf of a third party: "The litigation must have suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute; the litigant must have a close relation to the third-party; and there must exist some hindrance to the third party's ability to protect his or her own interest." *Id* at 1370-71. Here, the plaintiff cannot bear the burden of showing that the possible attendees of this event were unable to assert their own rights under 42 U.S.C. §1981. Furthermore, the plaintiff has no close relation with the third party Latino or Hispanic persons whose rights he allegedly seeks to protect.

Over the years, federal cases have established that the irreducible constitution minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"; an invasion of a legally protected interest which is (a) concrete and particularized. *Warth v. Seldin*, 422 U.S. 490 (1975); see also *Sierra Club v. Morton*, 405 U.S. 727 (1972); and (b) actual or imminent, not conjectural or hypothetical. *Whitmore*

*v. Arkansas*, 495 U.S. 149 (1990). Second, there must be a causal connection between the injury and the conduct complained of; the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the Court". *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Third, it must be "likely", as opposed to merely "speculative" that the injury will be redressed by a favorable decision. *Lujan, supra*.

The party invoking federal jurisdiction bares the burden of establishing these elements. *Lujan, supra*. See also *Warth v. Seldin, supra*, 422 U.S. at 508. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e. with the manner and degree of evidence required at the successive stages of the litigation. *Lujan, supra* at 2136.

Three prudential principles also counsel for judicial restraint in considering the plaintiff's claim; "(1) whether the plaintiff's Complaint falls within the zone of interest protected by the statute or constitutional provision at issue; (2) whether the Complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by other courts or braches of government; and (3) whether the plaintiff is asserting his own legal rights and interests rather than the legal rights and interests of third parties." *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987).

There is no case or controversy before the Court. At best, the plaintiff has a state law claim for breach of contract and nothing more. The plaintiff's Complaint does not

sufficiently allege specific facts to satisfy the "case or controversy" or standing requirements to bring this action.

In order to prevail against defendants' Motion to Dismiss, the plaintiff cannot simply rely on conclusory, speculative or vague allegations. Specific matters of fact must be pled to support the cause of action asserted. In this case, the plaintiff has not done so and the defendants' Motion to Dismiss should be granted.

Respectfully submitted this the 22nd day of November, 2006.


   s/N. Gunter Guy, Jr.
**N. GUNTER GUY, JR. (GUY004)**
BALL, BALL, MATTHEWS & NOVAK
Post Office Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 Fax
gguy@ball-ball.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL  36103


                    __s/N. Gunter Guy, Jr.
                    OF COUNSEL