IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES KELSER, d/b/a RIVER          )
REGION EVENTS,                       )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )          CASE NO.  2:06-cv-818
                                     )               (WO)
ALCAZAR SHRINERS, *et al*,           )
                                     )
    Defendants.                      )

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the defendants' Motion to Dismiss. (Doc. # 8.)  The defendants seek dismissal of the plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that the "plaintiff lacks standing to bring claims pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000a." (*Id*. at ¶ 2.)[1]  The plaintiff filed a response in opposition to the motion on November 3, 2006 (Doc. # 15), and the defendants filed a reply on November 22, 2006  (Doc. # 16). For the following reasons, the court finds that the motion is due to be GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND[2]

According to the allegations in the Complaint, the plaintiff contracted with the defendants to lease the Alcazar Shrine Center ("Shrine Center") in Montgomery, Alabama, for events.  The lease agreement was for a period of nineteen months, from June 1, 2006 to January 1, 2008, and covered

---

[1]  The defendants also argue that, due to the lack of standing, this court lacks subject matter jurisdiction over this action. (*Id*. at ¶ 3.)

[2]  For purposes of considering the defendants' motion to dismiss, the court presumes that the factual allegations in the Complaint are true.  *See Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005).

events sponsored by the plaintiff and events sponsored by the defendants.  In the events sponsored by the defendants,  the plaintiff contracted to provide liquor sales and pay the defendant 10% of the profit on sales.  The first two events held under the lease agreement occurred without incident. These events were sponsored by the defendants.  The following two events, which were sponsored by the plaintiff, form the basis of this lawsuit.

In August 2006, the plaintiff scheduled two "Latino Night" events.  The first "Latino Night" was canceled by the plaintiff due to a misunderstanding regarding the hours of the event.  The second "Latino Night" was canceled by the defendants because they "did not want any Latinos in the facility."  (*Id*. at ¶ 40.)  On September 12, 2006, the plaintiff filed a Complaint alleging racial discrimination pursuant to 28 U.S.C. § 1981[3] and racial discrimination in the denial of a public accommodation in violation of 42 U.S.C. § 2000a.[4]  (Doc. # 1.)  Pursuant to 28 U.S.C. 1367, the

---

[3]  Section 1981 provides:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) . . . For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) . . . The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

[4] Section 2000a prohibits discrimination and segregation in places of public accommodation on grounds of race, color, religion or national origin.

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of face, color, religion, or national origin.

42 U.S.C. § 2000a.

plaintiff also asserts a breach of contract claim.

## JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction). The parties do not contest personal jurisdiction, and the court finds adequate allegations in support of personal jurisdiction.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion, such as the one presently before this court, tests the legal sufficiency of the complaint. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *see also South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir. 1996) (A motion to dismiss must be denied "unless it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." ); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). In applying this standard, the court will accept as true all well-pleaded factual allegations in the complaint, and the reasonable inferences to be drawn from those allegations, and views those facts and inferences in a light most favorable to the non-moving party. *See Hishon,* 467 U.S. at 73.

3

# DISCUSSION

The defendants argue that the plaintiff lacks standing to prosecute his § 1981 and § 2000a claims because (1) the plaintiff does not allege in the Complaint that he is a member of a protected class, (2) there is no case or controversy as required by Article III of the Constitution, and (3) the plaintiff has no standing to seek injunctive relief under Section 2000a because the facial allegations allege only merely conjectural or hypothetical threats of future injury and not real or immediate threats.  (Doc. # 9 at 9-10.)  The defendants further argue that "on information and belief, the plaintiff is a white male."  (*Id*.)  The court addresses each of these arguments in turn.

A.      *Member of a Protected Class*

The defendants argue that the plaintiff does not have standing to sue under Section 1981 and Section 2000a because he does not allege in the Complaint that he is a member of a protected class. The defendants maintain that in order to allege a claim under Section 1981 or Section 2000a, the plaintiff must establish that he is a member of a protected class.

Generally, to state a claim of race discrimination under Section 1981,[5] a plaintiff must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute.  *Rutstein v. Avis Rent-A-Car Sys., Inc.,* 211 F.3d 1228, 1235 (11th Cir. 2000).  According to the Eleventh Circuit, "the critical element, obviously, is the second."  (*Id*.)

Here, the plaintiff does not allege in the Complaint that he is a member of a protected class.

---

[5]  The court pretermits discussion of the "member of a protected class" argument in relation to the plaintiff's Section 2000a claim as that claim will be dismissed due to his failure to state a claim for relief under Section 2000a.  *See infra*.

4

Rather, the plaintiff alleges that he "sought to make and form contracts with members of a protected class, Latino;" and the defendants interfered with his ability to make and form those contracts because of race. (Compl., ¶s 62 & 63.) The Eleventh Circuit has expressly recognized that § 1981 prohibits discrimination based on racial association. *Parr v. Woodmen of the World Life Ins. Co.*, 791 F.2d 888 (11th Cir. 1986) (quoting *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 277 (1976)). In such cases, the general prima facie requirement of being a member of a protected class does not apply. (*See id*. at 892) ("[W]here a plaintiff claims discrimination based upon an interracial marriage or association, he alleges, by definition, that he has been discriminated against because of *his* race.") Hence, the court finds that the allegations in the plaintiff's Complaint sufficiently plead a claim under Section 1981 against the defendants for interference with the plaintiff's contract rights because of his association with Latino persons. Accordingly, the plaintiff has standing to bring his Section 1981 claim.[6]

      *B.*    *Case or Controversy*

The defendants argue that the plaintiff does not have standing to bring his claims because there is no case or controversy as required by Article III of the Constitution. "Article III of the Constitution restricts the jurisdiction of the federal courts only to those disputes in which there is an actual 'case' or 'controversy.'" *Peters v. Amoco Oil Co.*, 57 F. Supp. 2d 1268, 1288 (M.D. Ala. 1999) (citation omitted). To satisfy the "case" or "controversy" requirement, the plaintiff must show that he has sustained, or is in immediate danger of sustaining, some direct injury as a result of the challenged conduct. *See id*. In this case, the court finds that the plaintiff has sufficiently alleged an injury in fact as he has alleged injury based directly upon the defendant's conduct. Consequently,

---

[6] "It is well settled that white persons have standing to sue under section 1981." *Id*. at 890.

the court finds that the "case" or "controversy" of Article III standing is sufficiently pled in this case.

C.    *Injunctive Relief*

The defendants further argue that the plaintiff has no standing to seek injunctive relief under Section 2000a because the facial allegations allege only merely conjectural or hypothetical threats of future injury and not real or immediate threats. To obtain relief under Section 2000a, the plaintiff must show "a real or immediate threat that [he] will be wronged again – a likelihood of substantial and immediate irreparable injury." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997) (citation omitted). The only relief available under Section 2000a is injunctive relief. *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 401-02 (1968) (holding that Section 2000a provides a private cause of action for an aggrieved party to receive injunctive relief, but a plaintiff cannot recover damages).

Taking all of the allegations of the Complaint as true, the court finds that the plaintiff has not alleged that he is subject to an immediate threat of irreparable harm. There are no allegations that the plaintiff is subject to any future harm; just allegations which support an inference of speculation of future harm. (*See* Compl. at 9) (noting the plaintiff "has every expectation of performing under his contract with the defendants and of entering into contracts with Latino, or Hispanic, persons").[7] In addition, the plaintiff does not allege any facts which support an irreparable injury. Any loss of revenue from alcohol sales or events can be remedied by compensatory damages. Accordingly, because the plaintiff has not stated a claim for relief under Section 2000a, the defendants' motion

---

[7] *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (stating that the speculative nature of the plaintiff's claim of future injury shows that equitable relief is not warranted).

to dismiss is due to be granted in relation to this claim and this claim is due to be dismissed.[8]

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1.    The motion to dismiss (Doc. # 8) is GRANTED in part and DENIED in part. The motion is GRANTED in relation to the plaintiff's claim under Section 2000a and DENIED in all other respects.

2.    Plaintiff's claim under Section 2000a is hereby DISMISSED without prejudice.

3.    It is further ORDERED that the defendants shall file their Answer or before February 23, 2007.

DONE this 9th day of February, 2007.

              /s/  W. Keith Watkins
              UNITED STATES DISTRICT JUDGE

---

[8] *See Schley v. Rest. Co.*, 2005 WL 1705501 (M.D. Fla. 2005) (dismissing plaintiff's Section 2000a complaint for failure to state a claim for injunctive relief).

8